

502-05/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
HYUNDAI MERCHANT MARINE CO., LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU-0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HYUNDAI MERCHANT MARINE CO., LTD.,            06 CIV _____ ( )

                    Plaintiff,

    -against-                                               **VERIFIED COMPLAINT**

ALFA SAI MINERALS PVT., LTD.,

                    Defendant.
----------------------------------------------------------------x

Plaintiff HYUNDAI MERCHANT MARINE CO., LTD. (hereinafter "Plaintiff" or "Hyundai"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant ALFA SAI MINERALS PVT., LTD. (hereinafter, "Defendant" or "Alfa Sai"), alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §20, *et seq.* and / or the Arbitration Act, 9 U.S.C. § 1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

NYDOCS1/251493.1

2. At all times relevant hereto, Plaintiff was and still is a business entity duly organized and existing under the laws of Korea with an office and place of business at 66 Jeokseon Dong, Jongno-qu, Seoul, Korea 110-052.

3. At all times relevant hereto, Defendant Alfa Sai was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Alfa House, 5 Verma Chambers, 11 Homji Street, Fort Mumbai, India 400001.

4. Hyundai, as owner, entered into a voyage charter with Impex Commodities Agritrade, India on March 22, 2004. On April 1, 2004 Impex Commodities Agritrade requested Hyundai to permit Defendant Alfa Sai to substitute as the voyage charterer. Hyundai accepted this request.

5. A marine contract of charter party was thereafter entered into between Hyundai and Alfa Sai pursuant to which Hyundai agreed to carry a cargo of Moloo Iron Ore in bulk aboard the M/V LE CHANG from India to China.

6. In compliance with its obligations under the charter party Hyundai loaded a quantity of 20,000 m/t of the above cargo in Goa on April 20, 2004 and subsequently discharged the cargo in Quingdao, China on May 20, 2004.

7. Pursuant to the charter party the parties agreed that if Alfa Sai used in excess of the contractually agreed time to conduct cargo operations, Alfa Sai would be liable for demurrage at $18,000 per day. In the event, the vessel used an addition 3 days, 4 hours and 15 minutes at load port and a further 14 days, 1 hour and 18 minutes at the discharge port giving rise to a total demurrage claim of $302,408.43 ($310,162.49 less address commission of 2.5%). An invoice was duly issued to Alpha Sai in this sum on June 1, 2004.

8. Hyundai has fully complied with all of its obligations under the charter party.

9. Despite repeated requests and in breach of the charter party, Alfa Sai has failed to pay $302,408.43 in demurrage due and owing under the relevant charter party.

10. Pursuant to the terms of the charter party, all claims between the parties arising out of the charter are subject to London arbitration / English law. Hyundai reserves its right to arbitrate the merits of its dispute with Alfa Sai in London.

11. After investigation, Defendant Alfa Sai cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District consisting of, *inter alia*, cash, funds, credits, and/or other assets in their accounts, including but not limited to assets at American Express Bank Ltd., Bank of America N.A., Bank of China, Bank of India, Citibank, N.A., Deustche Bank Trust Company Americas, JP Morgan Chase & Co., State Bank of India, The Bank of New York, The Chinese American Bank, Wachovia Bank and/or other institutions or such other garnishees to be named.

12. The total amount of Hyundai's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Hyundai against Alfa Sai includes

   a. Outstanding demurrage in the sum of $302,408.43;

   b. Interest in the sum of $96,749.33 calculated on the above sum at the rate of 7% per annum compounded quarterly for four years from June 1, 2004 to June 1, 2008, the estimated time it will take to obtain a final arbitration award, which interest is recoverable in arbitration under English law; and

   c. Estimated costs, including legal fees, of the London arbitration, which are recoverable under English law in the amount of $100,000;

    d. For a total claim amount sought to be attached of **$499,157.76**

W H E R E F O R E , Plaintiff Hyundai prays:

    e.    That process in due form of law according to the practice of this Court may issue against Defendant Alfa Sai, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $302,408.43 plus interest, costs and attorneys' fees;

    f.    That if the Defendant Alfa Sai cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant Alfa Sai, up to and including the amount of the claim of **$499,157.76** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets belonging to, due or held or being transferred for the benefit of the Defendant Alfa Sai (collectively hereinafter "Assets") including, but not limited to such Assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at morning, through or within the possession, custody or control of banking institutions including but not limited to American Express Bank Ltd., Bank of America N.A., Bank of China, Bank of India, Citibank, N.A., Deustche Bank Trust Company Americas, JP Morgan Chase & Co., State Bank of India, The Bank of New York, The Chinese American Bank, Wachovia Bank and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

    g.    That the Court enter an order directing Defendant Alfa Sai to appear and respond in the London arbitration as required; and,

      h.      That Plaintiff Hyundai have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 22, 2006

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                HYUNDAI MERCHANT MARINE CO., LTD.

            By: _____
                    Michael E. Unger (MU0045)

80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

Michael E. Unger, being duly sworn, deposes and says:

1. I am a member of the firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
   day of June, 2006


_____
NOTARY PUBLIC